**WAJDA LAW GROUP, APC**
Nicholas M. Wajda
6167 Bristol Parkway, Suite 200
Culver City, CA 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEIRDRE P. MARSH-GIRARDI,<br><br>Plaintiff,<br><br>v.<br><br>CLIENT RESOLUTION MANAGEMENT, LLC,<br><br>Defendant. | Case No.  2:19-cv-02188-JAM-AC<br><br>**PLAINTIFF'S NOTICE OF MOTION and MOTION FOR DEFAULT JUDGMENT AGAINST CLIENT RESOLUTION MANAGEMENT, LLC**<br><br>Date: March 4, 2020<br>Time: 10:00am<br>Room: 26<br>Judge: Magistrate Judge Allison Claire |

PLEASE TAKE NOTICE that on March 4, 2020 at 10:00 am  or as soon thereafter as the matter may be heard in Courtroom 26 of the above-titled court, located at 501 I Street, Sacramento, CA 95814, Deidre Marsh-Girardi ("Plaintiff"), by and through her attorneys, Wajda Law Group, APC ("Wajda") and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, will move that this Honorable Court enter a Default Judgment against Client Resolution Management, LLC ("Defendant").

## I. BACKGROUND

1. On October 30, 2019, Plaintiff filed her Complaint for Damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), Telephone Consumer Protection Act ("TCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") against Defendant in the Eastern District of California. [Dkt No. 1].

2. Plaintiff is a resident of Stockton, California which is located within the Eastern District of California.

3. Plaintiff alleged that Defendant violated the FDCPA, TCPA and RFDCPA through its collection activities.  Several years ago, Plaintiff obtained a personal installment loan from Personify Financial ("subject debt"). Due to financial hardship, Plaintiff fell behind on her payments to Personify Financial and the debt was turned over to Client Resolution Management, LLC ("Defendant") for collection. During the summer of 2019, Plaintiff began receiving collection calls from Defendant.  Plaintiff informed Defendant that she intended to file for bankruptcy and requested that Defendant cease placing calls to her cellular phone. However, even after this, Defendant continued to place calls to Plaintiff's cellular phone using an automated telephone dialing system. In addition to this, Plaintiff also received calls from Defendant on her work phone, after she requested that Defendant cease placing calls to her work phone. [Dkt No. 1].

4. On November 5, 2019, a process server named Michael Hadden, served Defendant with a copy of the Summons and Complaint. [Dkt No. 4].

5. Accordingly, Defendant's responsive pleading to Plaintiff's Complaint was due on or before November 26, 2019.

6. On December 5, 2019, Plaintiff filed a Motion for Clerk's Entry of Default. [Dkt No. 5].

7. On December 12, 2019, the Clerk of the Court entered a Default against Defendant. [Dkt. No. 6].

## II. LEGAL STANDARD

After the entry of default under Federal Rule of Civil Procedure 55(a), a federal district court may enter a default judgment under Rule 55(b). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (internal quotation marks and citation omitted). Because allegations pertaining to damages are not assumed to be true, plaintiffs must provide "an evidentiary basis" for the damages requested. *Sprint Nextel Corp. v. Thuc Ngo,* No. C-12-02764 CW (EDL), 2012 WL 4127296, at *3 (N.D. Cal. Sept. 18, 2012). That burden is "relatively lenient." *Elektra Entm't Group, Inc. v. Bryant*, No. CV 03-6381GAF (JTLX), 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004). However, a defendant is not held to admit facts that are not well-pleaded or admitted to conclusions of law. *DIRECTV, Inc. v. Hoa Huynh, 503 F. 3d. 847, 854 (9th Cir. 2007) (citation and quotation)).* Therefore, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F. 2d 1261, 1267 (9th Cir. 1992) *(citing Danning v. Lavine*, 575 F. 2d 1386, 1388 (9th Cir. 1978*))' accord DIRECTV* 503.F.3d at 854.

In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for courts to consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. DISCUSSION

### A. Jurisdiction and Service of Process

In considering whether to enter a default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties of a case. *In re Tuli*, 172. F. 3d

3

707, 712 (9th Cir. 1999).

### 1. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this matter because Plaintiff raises claims under the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692 *et seq. and* Telephone Consumer Protection Act pursuant to 47 U.S.C *§* 227 *et seq*. in turn establishing Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 as a "civil action arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

### 2. Personal Jurisdiction

#### 1. Basis for Personal Jurisdiction

Defendant, an out-of-state debt collector, maintained sufficient minimum contacts with the state of California in connection with its debt collection efforts at issue in this matter such that the Court has specific personal jurisdiction over Defendant in relation to Plaintiff's claims. As articulated by the Ninth Circuit in *Schwarzenegger v. Fred Martin Motor Co.,* 274 F.3d 797, 802 (9th Cir. 2004), there is a three prong test for analyzing a claim of specific personal jurisdiction:

##### *i.    Purposeful direction and purposeful availment*

Defendant, through its attempts to collect upon a debt by communicating with a consumer in California, purposefully directed its debt collection activities at the forum and further performed some act by which it purposefully availed itself of the privileges of conducting debt collection activities in the forum.

"A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum . . . ." *Schwarzenegger,* 274 F.3d at 802. "By taking such actions, a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (citing *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). In the instant

4

matter, Defendant, a New York debt collector, placed phone calls to Plaintiff, a consumer in California, attempting to collect upon a debt. By engaging in debt collection activities against a consumer in California, Defendant purposefully availed itself of the privilege of doing its business in California, and in turn must, as a quid pro quo, submit to the burdens of litigation in this forum.

"A showing that a defendant purposefully directed his conduct toward a forum state, by contrast, usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum . . . ." *Id.* at 803. Defendant, a New York debt collector, placed phone calls, to Plaintiff in the state of California. By virtue of purposefully directing its out of state activities at a consumer in the state of California, Defendant purposefully directed its conduct towards the forum, in turn establishing the first of the three *Schwarzenegger* factors.

### ii. Claims arise out of forum-related activities

Plaintiff's claims arise out of and relate to Defendant's forum-related activities. Plaintiff's claims stem entirely from the phone calls she received from Defendant as a resident of California. As such, Defendant's forum-related activity, i.e., the placing debt collection calls to a California consumer, is the entire basis for Plaintiff's claims, and therefore Plaintiff satisfies the second *Schwarzenegger* factor.

### iii. Fair play and substantial justice

Exercising personal jurisdiction over Defendant comports with the notions of fair play and substantial justice – i.e., it is reasonable. Because Plaintiff has satisfied the first two *Schwarzenegger* factors, it would be Defendant's burden to present a compelling case that the exercise of jurisdiction would not be reasonable. Regardless, there is nothing to indicate that the exercise of personal jurisdiction over a Defendant who purposefully directed its activities to the state of California and who further purposefully availed itself of the laws of the state of California would be unreasonable. Therefore, because the three *Schwarzenegger* elements are satisfied, the

Court should find it has personal jurisdiction over Defendant.

### b. Service of Process

On November 5, 2019 pursuant to Rule 4(e)(2)(c), Defendant was served with a copy of the Summons and Complaint.[Dkt. No. 4].

## B. Eitel Factors

In determining whether to enter a default against a Defendant , the Court must consider several factors, including: (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the defendants' default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. See *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Procedurally proper motions for default judgment "are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.,* 189 F.R.D. 431, 432 (C.D. Cal. 1999).

### 1. Possibility of Prejudice to Plaintiff

There is no possibility of prejudice to Plaintiff in the event Plaintiff's motion for default is granted. Conversely, Plaintiff would suffer prejudice if the motion for default is not granted. The Defendant in this matter, after being served with a copy of the Summons and Complaint at its principal place of business, failed to enter this case.  In the event the motion for default is denied, Plaintiff would be prejudiced as Defendant has failed to participate in this lawsuit, leaving Plaintiff with no legal recourse.

### 2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

Plaintiff's Complaint asserts violations of the FDCPA, TCPA and RFDCPA stemming principally from two alleged courses of conduct engaged in by Defendant: (1) Defendant's repeated calls to Plaintiff's work phone after Plaintiff demanded that such calls stop; and (2) the collection

calls Defendant placed to Plaintiff's cellular phone using an Automated Telephone Dialing System after Plaintiff requested that Defendant cease calls to her cellular phone. [Docket No. 1; ¶¶ 9-27].

Plaintiff's Complaint sufficiently outlines the extent to which Defendant violated 15 U.S.C. §§ 1692c(a)(1), c(a)(3) , d(5), e(10) and f ;  47 U.S.C § 227(b)(1)(ii) and Cal. Civ. Code § 1788.17 through the  collection phone calls it placed to Plaintiff's cellular phone and work phone after Plaintiff requested that Defendant cease placing calls to her cellular phone and work phone. Pursuant to 15 U.S. C. 1692c(a)(1) and c(a)(3)  the FDCPA prohibits, absent prior consent of the consumer given directly to the debt collector, debt collectors from communicating with the consumer, " at consumer's place of employment if the debt collector or has reason to know that consumer's employer prohibit the consumer from receiving such communication." As stated in Plaintiff's Complaint, Defendant placed calls to Plaintiff's work phone after Plaintiff requested that Defendant cease calls to her work phone. [Docket No. 1, ¶¶ 22-23].  Pursuant to 15 U.S. C. 1692(d) and d(5) a debt collector is prohibited from engaging "in any conduct the natural consequences of which  is to harass, oppress, or abuse any person in connection with a collection of a debt" and  15 U.S.C d(5) specifically prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number". Defendant violated this section of the FDCPA by placing 25 calls to Plaintiff's cellular phone after she demanded that it stop calling.

Additionally, Plaintiff's Complaint sufficiently outlines the extent to which Defendant violated 15 U.S.C. § 1692e which prohibits from a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Defendant violated  § 1692e and e(10) when it placed automated collection calls to Plaintiff's cellular  phone in an attempt to force her to answer its calls and make a payment.   Lastly, 15 U.S.C. § 1692(f) prohibits a debt collection from using "unfair or unconscionable means to collect or attempt to

collect any debt." Defendant's continuous collection phone calls to Plaintiff's cellular phone after being notified to stop was its attempt to coerce payment from Plaintiff. Attempting to coerce Plaintiff into payment by placing voluminous collection phone calls without her permission is unfair and unconscionable.

47 U.S.C § 227(b)(1)(ii) prohibits calling person on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded message without their consent. Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular phone using an ATDS after Plaintiff requested that Defendant cease placing phone calls to her cellular phone.

Lastly, Defendant conduct violated Cal. Civ. Code § 1788.17. Under Cal. Civ. Code § 1788.17, a debt collector violates this state statue when a violation of the FDCPA is found. As outlined in the previous paragraphs, Defendant has violated several provisions of the FDCPA. Plaintiff's Complaint sufficiently outlines Defendant's violations stemming from the collection phone calls it placed to Plaintiff's cellular phone and work phone after Plaintiff requested that Defendant cease placing such calls.

### 3. The Sum of Money at Stake

The amount of money at issue in this matter counsels in favor of granting Plaintiff's motion for default. Plaintiff is seeking a total of $18,964.30 in statutory damages and attorneys' fees as a result of Defendant's conduct. The relatively modest amount of the sum of money at stake, therefore, illustrates the propriety of granting Plaintiff's motion for default.

### 4. The Possibility of a Dispute as to Material Facts

The only reasonable dispute would be whether Defendant placed phone calls to Plaintiff's cellular phone and work phone as alleged in Plaintiff's Complaint, as these facts would be determined definitively by the nature of Defendant's records in relation to Plaintiff and Plaintiff's subpoenaed call records. However, even if there were a dispute of material facts as to this subset

of claims, the FDCPA is a strict liability statute, and any single violation is sufficient to base an award of statutory damages and attorneys' fees. *Munoz v. Cal. Bus. Bureau, Inc.,* 2016 U.S. Dist. LEXIS 151495, at *11 (E.D. Cal. Nov. 1, 2016) ("[u]nder the strict liability framework, proof of a single FDCPA violation is sufficient to support summary judgment for the plaintiff") (citing *Schwarm v. Craighead,* 552 F. Supp. 2d 1056, 1074 (E.D. Cal. 2008)). Therefore, even if the possible dispute as to material facts as to the second subset of Plaintiff's claims counsel against granting the motion for default, the absence of such possibility in the other subset of Plaintiff's claims illustrates the propriety of granting Plaintiff's motion for default.

### 5. Excusable Neglect

The record reflects that Defendant's default was not the result of excusable neglect. Defendant was aware of this case and the allegations asserted therein. Defendant was served with a copy of the Summons and Complaint in this matter on November 5, 2019 at its principal place of business. Therefore, it is clear Defendant's default was brought upon by its own decision to not participate in this action, rather than the result of excusable neglect.

### 6. Policy Favoring Decision on the Merits

Notwithstanding the strong policy considerations favoring a decision on the merits, Plaintiff's motion for default should nevertheless be granted. Plaintiff filed this case intending to have the case decided on the merits. However, Defendant's conduct throughout this litigation has prevented Plaintiff and the Court from achieving that end. Defendant should not now be spared from the consequences of its actions through a denial of Plaintiff's motion for default.

## C. Relief Sought

### 1. Damages

Plaintiff seeks statutory damages of the maximum allowed under the FDCPA, $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A). Defendant's conduct displays a reckless ignorance for the

law. Defendant violated many of the hallmarks of the FDCPA when it placed collection calls to Plaintiff cellular phone and work hone.

Plaintiff seeks statutory damages under $12,500.00 allowed under the TCPA as allowed under 47 U.S.C §§ 227(b)(3)(B).

Plaintiff seeks statutory damages of the maximum amount allowed under the RFDCPA, $1,000.00 as allowed under Cal. Civ. Code § 1788.30(b).

2. **Attorney Costs and Fees**

Plaintiff seeks $4,464.30 in reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civ. Code § 1788.30(c). *See* attached Exhibit A is a true and correct itemization of Plaintiff's reasonable attorney fees and costs and attached Exhibit B is a true and correct copy of an affidavit endorsed by the undersigned.

## V. CONCLUSION

Plaintiff, DEIRDRE P. MARSH-GIRARDI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Entering a Default Judgment against Client Resolution Management, LLC and in favor of Plaintiff;

b. Awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Credit Resolution Management, LLC and in favor of Plaintiff;

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30 (b), against Credit Resolution Management, LLC and in favor of Plaintiff;

d. Awarding Plaintiff statutory damages of $12,500.00 pursuant to 47 U.S.C §§ 227(b)(3)(B) against Credit Resolution Management, LLC

e. Awarding Plaintiff his attorney fees and costs of $ 4,464.30 pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civ. Code § 1788.30(c).

f.    Allowing judgment interest to be added; and

g.    Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 30, 2020                    Respectfully submitted,

s/ Nicholas M. Wajda
Nicholas M. Wajda
Counsel for Plaintiff
Wajda Law Group, APC
6167 Bristol Parkway, Suite 200
Culver City, CA 90230
(310) 997-0471 (Phone)
nick@wajdalawgroup.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, certifies that on January 30, 2020, he caused a copy of the foregoing PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST CLIENT RESOLUTION MANAGEMENT, LLC ON SUM CERTAIN, to be served by U.S. Certified Mail, postage prepaid, on:

Client Resolution Management, LLC
1675 Niagara Street
Buffalo, New York 14213
client.resolution@mail.com

s/ Nicholas M. Wajda
Nicholas M. Wajda