UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIRDRE P. MARSH-GIRARDI,<br><br>Plaintiff,<br><br>v.<br><br>CLIENT RESOLUTION MANAGEMENT, LLC,<br><br>Defendant. | No. 2:19-cv-02188-JAM-AC<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for default judgment. ECF No. 7. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). Defendant did not file a response and the matter was taken under submission. For the reasons set forth below, the undersigned recommends plaintiff's motion be DENIED without prejudice.

## I. Relevant Background

Plaintiff brought her complaint on October 30, 2019, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq., and the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788 et seq. ECF No. 1. Plaintiff filed a summons returned executed on November 20, 2019. ECF No. 4. Plaintiff requested entry of default on December 4, 2019. ECF No. 5. The clerk's office entered default on December 12, 2019. ECF No. 6.

1 | Plaintiff moved for default judgment on January 30, 2020.  ECF No. 7.  The motion indicates that
2 | it was served on the defendant by mail.  ECF No. 7 at 11.

Plaintiff's complaint alleges that she is an individual consumer residing in Stockton, California, and defendant is a debt collection agency organized under the laws of the state of New York.  ECF No. 1 at 2.  The case arises out of defendant's attempt to collect upon a consumer debt said to be owed by plaintiff.  Id. at 3.  The debt stems from a personal installment loan plaintiff took out through Personify Financial.  Id.  Plaintiff believes that after she defaulted on her obligation to Personify, the debt was assigned to or otherwise turned over to defendant for collection.  Id.  Plaintiff began receiving calls to her cell phone from defendant during the summer of 2019.  Id.  Defendant mainly used the phone number (916) 796-4912 when placing collection calls, but plaintiff believes it has used other numbers as well.  Id.

Plaintiff alleges that when she answered the phone calls from defendant, she experienced a significant pause before being connected to a live representative, at which point plaintiff was advised that defendant was calling to collect upon the subject debt.  Id.  Plaintiff advised defendant that she was in the process of filing for bankruptcy.  Id.  Notwithstanding this information, defendant continued contacting plaintiff.  Id.  The repeated phone calls became so bothersome that, in approximately August 2019, plaintiff demanded that defendant stop calling her cellular phone.  Id.  Despite plaintiff's demands, defendant continued to place calls to plaintiff's cellular phone seeking to collect the subject debt up until the filing of this action.  Id. at 4. Defendant also placed several calls to plaintiff's work phone.  Id.  Plaintiff demanded defendant stop calling her work phone number, but the calls continued.  Id.  Plaintiff has received at least 25 phone calls from defendant since asking it to stop calling.  Id.

## II.     Motion

Plaintiff moves for default judgment on all counts, seeking statutory damages and an award of attorneys' fees and costs.  ECF No. 7 at 10-11.  Defendant has not appeared or filed any response.

////

////

**III.  Analysis**

A.  <u>Standards for Default Judgment</u>

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. <u>See</u> Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986) ); <u>see</u> Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).

Before assessing the merits of a default judgment motion, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties. <u>See</u> <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999). As part of the personal jurisdiction inquiry, a court must ensure that all defendants have been adequately served in conformance with Rule 4 of the Federal Rules of Civil Procedure. <u>See</u> <u>Securities & Exchange Comm'n v. Ross</u>, 504 F.3d 1130, 1140 (9th Cir. 2007) ("'[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4.'") (citations omitted); <u>see also</u> <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons ....").

If the court finds these jurisdictional elements satisfied, it turns to the following factors to determine whether default judgment is warranted:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

////

B. The Court Has Subject Matter Jurisdiction

The court possesses subject matter jurisdiction over this action, as the TCPA and FDCPA claims present a federal question, see 28 U.S.C. § 1331; Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012) (holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA), and the state Rosenthal Act claim may be heard pursuant to the court's supplemental jurisdiction, see 28 U.S.C. § 1367(a).

C. The Court Lacks Personal Jurisdiction over Defendant Due to Insufficient Service

Personal jurisdiction over a defendant may be acquired "by personal service of that defendant or by means of a defendant's 'minimum contacts' with the jurisdiction." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Burnham v. Super. Ct. of Cal., 495 U.S. 604 (1990) ).

The undersigned finds that that the court lacks personal jurisdiction over defendant Client Resolution Management due to procedurally deficient service. Rule 4(h) of the Federal Rules of Civil Procedure provides that a corporation must be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process...." Fed. R. Civ. P. 4(h)(1). In addition, in the Ninth Circuit, "service can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (stating that service of process is not limited solely to officially designated officers, managing agents, or agents designated to receive process).

Rule 4(e)(1), in turn, permits service by "following the state law for serving a summons in action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Under California law, service may be made on a corporation by delivering a copy of the summons and complaint "[t]o the person designated as agent for service of process" or "[t]o the president, chief executive officer, or other

head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10.

Here, there is no indication that any individual at Client Resolution Services, let alone an officer, president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, was actually served. The "proof of service" provided to the court indicates that a process server named Michael Hadden posted the summons to a locked door at 1651 Niagra St., Suite 3, Buffalo, NY 14213 on November 12, 2019. ECF No. 4 at 2. A notation at the bottom of the document reads "Door Locked, PS can hear activity inside, no answer after knocking loudly." Id.

Accepting the service return as accurate, there is an insufficient basis to conclude that service of defendant was sufficient. According to the service returns, service was attempted upon defendant by leaving a copy of the summons and complaint unattended on a locked door, without hand-delivering the documents to anyone. This is plainly insufficient where service on a business needs to identify the individual who was served and that person's authority within the company. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 567 (3d Cir. 1996) (service was not proper under Rule 4(h)(1) where summons and complaint were delivered to firm's office manager); DisputeSuite.com, LLC v. Credit Umbrella Inc., No. CV 14-6340 MWF (MANx), 2015 WL 12911757, at *3 (C.D. Cal. June 2, 2015) (service was not proper under section 416.10 where court was not provided with any details regarding service recipient's position or rank within defendant corporation); TMX Logistics, Inc. v. FF Trucking, Inc., No. CV 14-00873 PSG (ASx), 2014 WL 12691618, at *2 (C.D. Cal. Sept. 5, 2014) (service not proper under Rule 4(h)(1) where proof of service did not indicate that recipient was an officer, a managing or general agent, or other agent authorized to receive service of process on behalf of corporation).

The undersigned notes that service also did not comply with California's substitute method of service for business entities. "In lieu of personal delivery, Cal. Civ. Proc. Code § 415.20 permits service on a corporation by substituted service which requires leaving the summons and complaint during normal office hours at the office of the defendant *with a person*

5

*'who is apparently in charge'* and thereafter mailing a copy of the summons and complaint to the defendant at that same office." 2 Vandyke v. N. Leasing Sys., Inc., No. CIV.S 07-1877 FCD GGH PS, 2009 WL 1396193, at *4 (E.D. Cal. May 14, 2009), report and recommendation adopted, No. CIVS 07-1877 FCD GGH PS, 2009 WL 2044254 (E.D. Cal. July 13, 2009) (emphasis added). "Plaintiffs must however be reasonably diligent in their attempts at direct service before substitute service is permitted." Hong-Ming Lu v. Primax Wheel Corp., No. C 04-4170 JSW, 2005 WL 807048, at *3 (N.D. Cal. Apr. 7, 2005) (citing Evartt v. Sup. Ct. of Stanislaus County, 89 Cal. App. 3d 795, 799, 152 Cal. Rptr. 836 (1979)). Under California law, two or three attempts at personal service satisfies the reasonable diligence requirement. Espindola v. Nunez, 199 Cal. App. 3d 1389, 1392 (1988). There is no indication here that the papers were actually left with anyone; there is no indication that the papers were then mailed to the same address; and there is no record that personal service was first attempted the requisite two or three times.

Because the record is insufficient to establish that defendant was properly served, the undersigned recommends that the motion for default judgment be denied.

D. Extension of Time to Effect Service

Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

As plaintiff filed the complaint on October 30, 2019, the time for proper service expired at the end of January 2020. Where service is untimely, Rule 4(m) requires a district court to grant an extension of time for service when the plaintiff shows good cause for the delay in service. Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). In the absence of good cause, the rule permits the district court to grant an extension upon a showing of "excusable neglect." Id.; see

also <u>Lemoge v. United States</u>, 587 F.3d 1188, 1198 (9th Cir. 2009).  Courts may extend the time for service even after the Rule 4(m) deadline has expired, <u>Mann v. Am. Airlines</u>, 324 F.3d 1088, 1090 (9th Cir. 2003), and there is no specific test that a court must apply in deciding whether to exercise its discretion to extend the period for service, <u>In re Sheehan</u>, 253 F.3d 507, 513 (9th Cir. 2001); <u>see</u> <u>Efaw</u>, 473 F.3d at 1041 (stating that courts may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service).  "Good cause" is likely to be found when the failure to complete service in a timely fashion is due to the conduct of a third person, typically the process server.  <u>See</u> Wright & Miller, Federal Practice and Procedure Civil (4th ed.) § 1137.

       Here, no defendant has appeared to challenge the sufficiency of service, so plaintiff has not had a formal opportunity to argue for an extension.  However, plaintiff's counsel clearly believes service was adequate, as he filed a declaration stating that defendant was served with the summons and complaint.  ECF No. 7-2 at 2.  The undersigned concludes that there is good cause for the court to *sua sponte* extend the period for service in this case.  Plaintiff did timely attempt service on defendant.  The insufficiency of service was due to the failure of the process server to serve the complaint and summons in a manner consistent with applicable rules.  Though counsel was not diligent in checking the adequacy of the process service's work, the undersigned does not see how a limited extension would prejudice defendants.  Moreover, proper service might allow for this case to be decided on the merits.  The Rule 4(m) service window only closed roughly one month ago, and the undersigned recommends that the period be held open only for an additional 30 days to properly effect service.

       Based on the foregoing, the undersigned finds that, although service of process was insufficient, good cause exists for an extension to serve the complaint and summons.  In the alternative, even if an extension under Rule 4(m) were not mandatory for good cause shown, the undersigned would recommend granting a discretionary 30-day extension for the reasons stated.

////

////

////

## IV. CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS THAT:

1. Plaintiff's January 30, 2020 motion for default judgment (ECF No. 7) be DENIED without prejudice to renewal upon effecting proper service of process; and

2. Plaintiff be granted an extension of 30 days from the date these findings and recommendations are adopted to serve defendant. <u>See</u> Fed. R. Civ. P. 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. <u>Id.</u>; <u>see also</u> Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 27, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE